UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NOEL VINCENT THOMAS,

      **Plaintiff,**

v.                                 **Case No. 8:22-cv-1610-KKM-AAS**

FLORIDA DEPARTMENT OF
HIGHWAY SAFETY AND MOTOR
VEHICLES, FLORIDA DEPARTMENT
OF HIGHWAY SAFETY AND MOTOR
VEHICLES INSPECTOR GENERAL,
FLORIDA DEPARTMENT OF
HIGHWAY SAFETY AND MOTOR
VEHICLES, BUREAU OF RECORDS,
DIVISION OF MOTORIST SERVICES,
AND FLORIDA ATTORNEY GENERAL,

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Noel Vincent Thomas, proceeding *pro se*, requests to proceed *in forma pauperis*. (Doc. 2). It is **RECOMMENDED** that Mr. Thomas's motion be **DENIED**, and this action be dismissed without prejudice.

## I.    BACKGROUND

Mr. Thomas requested to proceed *in forma pauperis* and filed a complaint against multiple Florida state government officials and agencies. (Doc. 1). Based on deficiencies in Mr. Thomas's complaint, the undersigned took Mr. Thomas's motion to proceed *in forma pauperis* under advisement and directed

Mr. Thomas to amend his complaint to state a viable cause of action to proceed *in forma pauperis*. (Doc. 4). Mr. Thomas filed an amended complaint. (Doc. 6). Mr. Thomas's amended complaint does not improve upon his original complaint and still fails to state a claim on which relief can be granted.[1] (*Id.*).

## II.   STANDARD

A plaintiff may be allowed to commence a civil action *in forma pauperis*, i.e., without payment of court filing fees, when that plaintiff declares in an affidavit to the court that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court receiving such a case, however, must dismiss a case *sua sponte* if, at any time, it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e) (2)(B).

With respect to failing to state a claim on which relief may be granted, the language of section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6) and courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A properly stated claim "may be supported by showing any set of facts consistent with the

---

[1] Mr. Thomas may pay the filing fee at any time and proceed under the operative complaint.

allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007) (citation omitted). Pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*). Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Housing Authority*, 998 F.2d 904, 912 (11th Cir. 1993).

## III.   DISCUSSION

Mr. Thomas's amended complaint fails to comply with the Federal Rules of Civil Procedure and fails to state a claim. Federal Rule of Civil Procedure 8 establishes "[t]he bare minimum a plaintiff must set forth in the complaint." *Hunter v. Woods*, No. 5:17-cv-482-JSM-PRL, 2017 WL 6610889, at *1 (M.D. Fla. Nov. 3, 2017). It requires that a complaint contain both "a short and plain statement of the grounds for the court's jurisdiction,"[2] and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

---

[2] Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). "Subject-matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010). For federal question jurisdiction, federal district courts have jurisdiction to hear cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The essential elements of diversity jurisdiction are diverse residence of all parties and an amount-in-controversy over $75,000. 28 U.S.C. § 1332.

3

Civ. P. 8(a)(1)-(2). Rule 10 requires that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." Fed. R. Civ. P. 10(b). Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

Mr. Thomas's amended complaint does not meet these threshold pleading requirements. Although Mr. Thomas's amended complaint now includes numbered "paragraphs," each extends for multiple pages and is not limited to a single set of circumstances as required by Fed. R. Civ. P. 10(b). *See* (Doc. 6). Instead of making the remaining corrections, Mr. Thomas has chosen to contest the undersigned's assertion that his complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8(b). (*Id*. at 3–6).

The only substantive changes to Mr. Thomas's amended complaint appear to be an additional five pages at the front of Mr. Thomas's "statement of facts and allegations" lamenting the undersigned for "misus[ing] its authority and conspir[ing] with the Defendants to assist them in criminal

4

conduct." (*Id.* at 2).

Mr. Thomas still fails to state a basis for this court's jurisdiction and failed to state a clear and concise cause of action with facts supporting his claims against *each* of the named defendants. Instead, Mr. Thomas's complaint contains forty-six pages of unclear claims and statements, mostly about the Florida Department of Highway Safety and Motor Vehicles and Alabama Law Enforcement Agency. *See* (Doc. 6).

Beyond noting certain changes in the length of his complaint and what defendants Mr. Thomas is suing (*Id.* at 6), Mr. Thomas does not appear to contest that his amended complaint raises the same facts and claims dismissed in a previously dismissed action against the same defendants. *See Thomas v. Florida Highway Safety and Motor Vehicles et al.*, No. 8:18-cv-2497-CEH-CPT, Doc. 14 (M.D. Fla. Jan. 13, 2020). To the contrary, Mr. Thomas now appears to claim he is also pursuing a separate lawsuit in Florida state court on the same claims he presently raises before this court. (*Id.* at 6–7). Thus, Mr. Thomas may also be precluded from bringing these claims in the present case. *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986) (describing claim preclusion, otherwise known as *res judicata*); *Gold-Fogel v. Fogel*, 16 F.4th 790, 799 (11th Cir. 2021) (examining situations where federal courts abstain from interfering with certain state proceedings).

Mr. Thomas's complaint thus does not state cognizable grounds for

federal jurisdiction or a valid cause of action.

## IV.    CONCLUSION

Mr. Thomas fails to state a claim for relief that is "plausible on its face."

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, it is **RECOMMENDED**:

1.    Mr. Thomas's Motion to Proceed in Forma Pauperis (Doc. 2) be

**DENIED**.

2.    Mr. Thomas's amended complaint (Doc. 6) be **DISMISSED**

without prejudice, and the Clerk be directed to **CLOSE** this case.

**ENTERED** in Tampa, Florida on August 17, 2022.

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of

this report to file written objections to this report's proposed findings and

recommendations or to request an extension of the fourteen-day deadline to

file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure

to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's

right to challenge on appeal the district court's order adopting this report's

unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

cc:

Noel Vincent Thomas
14004 Nephi Place, Apt. #103
Tampa, FL 33613